UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 07-CR-20067 |
| ) | |
| **JOSEPH WILLIAMS,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on Defendant's pro se Motion to Reduce Monthly Restitution Payment (#23). Because this court agrees with the Government that it does not have the authority to grant the requested relief, Defendant's Motion (#23) is DENIED.

BACKGROUND

Defendant pled guilty to one count of armed bank robbery. On November 21, 2007, a sentencing hearing was held and this court sentenced Defendant to a term of 188 months in the Federal Bureau of Prisons. This court also ordered Defendant to pay $3,822 in restitution. The Judgment (#17) entered on November 21, 2007 stated:

> During incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25, if working non-UNICOR, or a minimum of 50 percent of monthly earnings, if working UNICOR. Upon release from imprisonment, the defendant shall make monthly payments of at least 50 percent of his disposable income, per month, during the entire period of supervised release.

ANALYSIS

On September 19, 2008, this court received a letter from Defendant which it has construed as a pro se Motion to Reduce Monthly Restitution Payment (#23). Defendant stated that having 50% of his UNICOR earnings withheld for restitution leaves him "with an inadequate amount to sustain proper hygiene." He stated that this has hindered him "from communicating with [his] two sons." Defendant attached documentation showing his UNICOR earnings and a commissary listing showing the items he needed to purchase. Defendant asked this court to reduce the amount of his UNICOR earnings to be paid toward restitution to 25% or to stop payments until he is released.

On September 30, 2008, the Government filed its Response (#24). The Government pointed out that this court has very limited authority to reconsider sentences after they have been imposed. "Generally, district courts lack subject-matter jurisdiction to revisit sentences already imposed upon defendants." United States v. Lawrence, 535 F.3d 631, 636 (7th Cir. 2008). "Once a court sentences a criminal defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). This court further agrees with the Government that the only statute or rule which could potentially apply here allows modification of a restitution order based upon a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k).

In this case, this court agrees with the Government that Defendant has not alleged or shown a material change in his economic circumstances. Defendant's ability to pay has not fundamentally changed from the date this court imposed its restitution order. Defendant has argued only that he would like to be able to purchase more items from his UNICOR earnings. This court concludes that it does not have authority to modify its restitution order on that basis. See United States v. Hogan,

2007 WL 3406917, at *1 (C.D. Ill. 2007).

      IT IS THEREFORE ORDERED THAT Defendant's Motion to Reduce Monthly Restitution Payment (#23) is DENIED.

      ENTERED this 30th day of September, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE